IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:25-HC-2199-M-RJ

| | |
|---|---|
| BOOKER JORDAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN SCARANTINO, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a former federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a motion to dismiss for lack of jurisdiction (DE 9).

In the petition, petitioner challenges prison disciplinary proceedings. (Pet. [D.E. 1] at 6-7). Petitioner seeks to have his residential reentry center placement and good time credit restored, as well as immediate release. (Id. at 7). However, petitioner was not in FBOP custody as of October 3, 2025. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (search by inmate number) (last visited November 20, 2025).

"A case becomes moot – and therefore no longer a Case or Controversy for purposes of Article III – when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Plymail v. Mirandy, 8 F.4th 308, 314–15 (4th Cir. 2021). Petitioner's release renders the instant habeas claim moot. See Spencer v. Kemna, 523 U.S. 1, 7–8 (1998); Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) (concluding a claim becomes moot where "an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff").

1

The court therefore lacks jurisdiction over petitioner's claim. See United States v. Kettler, 908 F.3d 61, 65 (4th Cir. 2018) (explaining that federal courts lack subject matter jurisdiction over moot claims).

Based on the foregoing, the petition is DISMISSED WITHOUT PREJUDICE. A certificate of appealability is DENIED. Respondent's motion to dismiss for lack of jurisdiction (DE 9) is DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of November, 2025.

RICHARD E. MYERS, II
Chief United States District Judge